**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| SHERRY D. COMPTON, a citizen and resident of Knox County, Tennessee, )<br><br>Plaintiff, )<br><br>v. )<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY, )<br><br>Defendants. ) | No.: 3:20-cv-159 |

**COMPLAINT**

Comes now the Plaintiff, Sherry D. Compton, by and through counsel, and for cause of action would state as follows:

<u>JURISDICTION AND VENUE</u>

1.     The Plaintiff, Sherry D. Compton, is a citizen and resident of Sevier County, Tennessee.

2.      Defendant Lincoln National Life Insurance Company ("Lincoln") is an insurance company with its principal place of business in Omaha, Nebraska, and may be served with process through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37243.  At all material times, Defendant Lincoln acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

3.     Upon information and belief, it is alleged that the Defendant Lincoln was the claims administrator, the party obligated to pay benefits, and/or the party to determine eligibility for benefits a Plan for which Mrs. Compton was a beneficiary.

4.     Upon information and belief, it is alleged that the Defendant Lincoln is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

5.     The Plaintiff brings this action to recover benefits due for her long term disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA §502(e)), and particularly 29 U.S.C. § 1132(a)(1)(B), and 28 U.S.C. § 1337.  Plaintiff's claims "related to" an "employee welfare benefits plan" as defined by ERISA and the subject disability benefit plan constitutes a "plan under ERISA."  The Plaintiff at all times relevant to this action was a "participant" in the Plan as defined by 29 U.S.C. § 1002(7).

6.     The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations (29 C.F.R. § 2560.503-1) provide a mechanism for administrative or internal appeal of benefit denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

7.     Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

8.     Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).


FACTS AND CAUSE OF ACTION

9.     At all times material, Plaintiff worked for Regal Cinemas, Inc.

10.     Plaintiff developed certain physical conditions that made it difficult for her to work, and ultimately Plaintiff's conditions resulted in her ability to work at all for a period of time and

then only on a partial basis.

11. On or about February 20, 2018, Plaintiff ceased working due to her aforementioned disabilities.

12. Plaintiff timely filed an application for long term disability through her employer Regal and Defendant Lincoln under the Plan provided by Regal as an employee benefit to Mrs. Compton and other similarly situated employees.

13. The Defendant approved benefits payable under the Plan with a date of disability of February 20, 2018.

14. On August 20, 2018, Plaintiff made an attempt to return to her employment at Regal on a full-time (forty hour per week) basis.

15. However, due to her disabilities and upon doctor's advice, Plaintiff reduced her employment to twenty hours per week starting October 15, 2018.

16. Due to her disability and upon doctor's advice, Plaintiff stayed on the twenty hour per week basis until March 4, 2019 when she was forced to leave work completely again to her medical disabilities and treatment.

17. Plaintiff timely applied for partial disability benefits under the Plan after reduction of her hours in October of 2018 and for full disability after March of 2019.

18. The Defendant denied Plaintiff's claim for benefits under the Plan.

19. Plaintiff timely appealed the decision on March 25, 2019.

20. The Defendant denied Mrs. Compton's appeal.

21. Plaintiff timely filed a second level appeal on December 17, 2019.

22. On March 16, 2020, the Defendant denied Plaintiff's appeal.

23.     The March 16, 2020 decision by the Defendant was the final administrative step under the Plan.

24.     The entity that made the decision to deny benefits would pay any benefits due out of its own funds.

25.     The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

26.     The entity that made the decision to deny benefits allowed its concern over its own fund to influence its decision-making.

27.     The Defendant Lincoln has acted under a Plan to take advantage of the potential applicability of ERISA to claims.

28.     Under the terms of the Plan, Defendant agreed to provide Plaintiff with disability benefits in the event that Plaintiff became disabled as defined by the Plan.

29.     Plaintiff is disabled under the terms of the Plan.

30.     Defendant failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

31.     The decision to deny benefits was wrong under the terms of the Plan.

32.     The decision to deny benefits and decision-making process were arbitrary and capricious.

33.     The decision to deny benefits was not supported by substantial evidence in the record.

34.     The appellate procedures did not provide the Plaintiff a full and fair review.

35.     As an ERISA fiduciary, the Defendant owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making

process free of influence by self-interest.

36.     The Defendant violated the fiduciary duties owed to the Plaintiff.

37.     As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable while the Plaintiff remains disabled under the terms of the Plan.

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A.     A declaration that Defendant has breached their fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B.     A declaration that Plaintiff is disabled within the meaning of the Plan and is entitled to long term disability benefits from the Plan.

C.     Order Defendant to pay Plaintiff back benefits due under the Plan.

D.     Order Defendant to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendant to pay her the amounts they have earned on the money wrongfully withheld from her as other equitable relief.

E.     Order Defendants to pay Plaintiff the costs of her suit and reasonable attorney fees.

F.     Grant such other and further relief to which Plaintiff is entitled.

G.     Plaintiff further requests that the Court order Defendants to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

Respectfully submitted this 14th day of April, 2020.

s/ John P. Dreiser
John P. Dreiser (BPR #020743)

5

Attorney for the Plaintiff
1356 Papermill Pointe Way
Knoxville, TN 37909
(865) 584-1211