**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | | |
|---|---|---|
| **SHERRY COMPTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO. 3:20-cv-00159** |
| | ) | |
| **v.** | ) | **JUDGE REEVES** |
| | ) | |
| **LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | **MAGISTRATE JUDGE POPLIN** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Lincoln National Life Insurance Company ("Lincoln") files this First Amended Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Sherry Compton. This First Amended Answer is being filed as a matter of right within 21 days after service of the original answer (document 8) on May 29, 2020, pursuant to F.R.C.P. 15(a)(1)(A).

**JURISDICTION AND VENUE**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it was properly served in this action. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the Regal Cinamas, Inc. Long-Term Disability Plan (the "LTD Plan"). Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan sponsored by Regal Cinamas, Inc. ("Regal") to provide long term

disability benefits to certain of its employees and that Lincoln issued a Group Disability Income Policy (the "Policy") to Regal, which, at certain times, insured benefits from the LTD Plan. Lincoln admits that Plaintiff was, at certain times, employed by Regal and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. To the extent that Paragraph 4 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan. Lincoln specifically denies that it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that Plaintiff was, at certain times, employed by Regal and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits Plaintiff's claims are governed by ERISA. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits this Court has jurisdiction over this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise

to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits the allegations contained in Paragraph 8 of the Complaint.

## FACTS AND CAUSES OF ACTION

9. Lincoln admits Plaintiff was, at certain times, employed by Regal. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that certain documents concerning Plaintiff's work history are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan sponsored by Regal to provide long term disability benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln admits that certain documents concerning

Plaintiff's work history and medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain documents concerning Plaintiff's work history and medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that certain documents concerning Plaintiff's work history and medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain documents concerning Plaintiff's work history and medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits the allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits Plaintiff's counsel submitted an appeal of the denial of benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits the remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits Plaintiff's counsel submitted a second-level appeal of the denial of benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits it sent a letter dated March 16, 2020, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits the allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan and that it issued the Policy to Regal, which, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln denies the allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies the allegations contained in Paragraph 26 of the Complaint.

27. Lincoln denies the allegations contained in Paragraph 27 of the Complaint.

28. To the extent that the allegations contained in Paragraph 28 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln denies the allegations contained in Paragraph 29 of the Complaint.

30. Lincoln denies the allegations contained in Paragraph 30 of the Complaint.

31. Lincoln denies the allegations contained in Paragraph 31 of the Complaint.

32. Lincoln denies the allegations contained in Paragraph 32 of the Complaint.

33. Lincoln denies the allegations contained in Paragraph 33 of the Complaint.

34. Lincoln denies the allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln denies the allegations contained in Paragraph 36 of the Complaint.

37. Lincoln denies the allegations contained in Paragraph 37 of the Complaint.

Lincoln denies the allegations contained in the WHEREFORE paragraph of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the LTD Plan under the Policy, resulting from Plaintiff's receipt of benefits or other

income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 19th day of June 2020.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Motion for Admission *Pro Hac Vice* Pending)
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the **19th day of June 2020**, a true and correct copy of the foregoing **DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** was filed via the Court's CM/ECF electronical filing system, which served the following counsel of record via electronic notification:

John P. Dreiser, Esq.
john@farmerdreiser.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers